O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ORLANDO GUTTIEREZ, | ) | CASE NO. CV 08-04109 JSL (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER – |
| | ) | (1) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; |
| ELLEN GREENMAN, M.D., et al., | ) | (2) GRANTING MOTION FOR EXTENSION OF TIME; and |
| Defendants. | ) | (3) DENYING AS MOOT MOTION FOR LEAVE TO AMEND |

This Order addresses three matters. First, because Plaintiff's First Amended Complaint (1AC) for deliberate medical indifference, filed on July 8, 2008, plainly fails to correct the flaws that prompted the Court to dismiss his initial complaint on June 25, the Court will dismiss the 1AC and again grant leave to amend, as discussed below. (Plaintiff is cautioned, however, that the Court's patience in granting opportunities to correct noted flaws is not limitless.) Second, the Court will grant Plaintiff's July 21, 2008 motion for an extension of time to respond to the June 25 dismissal order. Third, the Court will deny as moot Plaintiff's July 8, 2008 motion for leave to file an amended complaint.

///

///

///

# I.
## THE FIRST AMENDED COMPLAINT FAILS
## TO CORRECT FLAWS NOTED IN THE INITIAL COMPLAINT

On June 25, 2008, the Court dismissed the initial complaint because, as explained in greater detail in that order, (1) Plaintiff sought monetary damages from state employees sued in their official capacity, which claims this Court lacks jurisdiction to entertain under Eleventh Amendment doctrine; and (2) Plaintiff made official-capacity allegations against government employees without "*Monell*" allegations specifying *what* the official policy, or quasi-official custom, was.  The Court gave Plaintiff 30 days to choose either (1) to file a 1AC correcting the initial complaint's flaws, (2) to file a notice indicating his intention to appeal the dismissal rather than to amend the complaint, or (3) to do nothing, which would result in dismissal.

Plaintiff filed a 1AC, but it appears substantially identical to its predecessor. Most importantly, Plaintiff still seeks monetary damages from official-capacity state employees and still fails to include "*Monell*" allegations that the deliberate medical indifference resulted from an official policy or well-entrenched custom akin to an official policy.  Accordingly, the Court will dismiss the 1AC, with leave to amend, among other options, as discussed at the conclusion of this Order.

# II.
## MOTION FOR EXTENSION OF TIME

The Court grants Plaintiff's motion for an extension of time to respond to the initial dismissal order, as reflected in the deadline set forth below.

# III.
## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The 1AC is accompanied by Plaintiff's motion for leave to file it.  But Plaintiff did not need the Court's permission, for a plaintiff generally may amend his

complaint "once as a matter of course at any time before a responsive pleading is served . . . ." FED. R. CIV. P. 15(a). Plaintiff had not amended previously, and no responsive pleadings had been served. (Moreover, the Court's June 25, 2008 dismissal order expressly gave Plaintiff leave to amend, although that grant of leave was conditioned on Plaintiff's correction of certain noted flaws.) Accordingly, the Court denies this motion as moot.

## IV.
## CONCLUSION

Based on the foregoing, the Court ORDERS that –

1. Plaintiff's Motion For Extension Of Time is GRANTED, as reflected in the 45-day deadline for responding to this Order;

2. Plaintiff's Motion For Leave To File Amended Complaint is DENIED AS MOOT; and

3. the First Amended Complaint hereby is DISMISSED, and leave to amend is granted. More specifically, Plaintiff has three options:

   (a) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his Second Amended Complaint (2AC), bearing the current case number, within 45 days of the filing date of this Order. To withstand another dismissal, the 2AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 2AC must be complete in itself and must not refer to any prior version of the complaint.

   (b) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 45 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal

the dismissal on the grounds cited above. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(c) **Plaintiff may do nothing** in response to this Order. If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 45-day deadline, then the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id.*

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.


DATED: August 14, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE